1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GOLDEN STATE TRUCK SALES, INC.,          No.  2:16-cv-580-MCE-EFB
     et al.,
12
                         Plaintiffs,
13                                            ORDER AND FINDINGS AND
           v.                                 RECOMMENDATIONS
14
     BAY TRAILER SALES, LLC, et al.,
15
                         Defendants.
16

17

18          This case was before the court on February 7, 2018, for hearing on plaintiffs Golden State

19   Truck Sales, Inc. ("Golden State") and Dharminder Singh's motion to enforce a settlement

20   agreement.  ECF No. 42.  Attorneys Sean Gavin and Jaskarn Atwal appeared on behalf of

21   plaintiffs.  Defendants Bay Trailer Sales, LLC ("Bay Trailer") and Jonathan Emde did not appear

22   at the hearing nor did they file an opposition or statement of non-opposition to plaintiff's motion

23   as required by Local Rule 230(c).  For the reasons explained below, defendants are ordered to

24   show cause why sanctions should not be imposed, and it is recommended that plaintiff's motion

25   be granted.

26   /////

27   /////

28   /////

                                                    1

I.    Order to Show Cause

Plaintiffs' noticed their motion to enforce a settlement agreement for hearing on February 7, 2018.  ECF No. 42.  Defendants not only failed to appear at the February 7 hearing, but also failed to file a response to plaintiffs' motion.

Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by January 24, 2018. Local Rule 230(i) provides that "[a]bsent notice of intent to submit the matter on the briefs, failure to appear [at the hearing] . . . may result in the imposition of sanctions."  Failure to comply with the court's Local Rules or court orders "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  E.D. Cal. L.R. 110.

After the February 7 hearing, defendants' counsel, Maren MacAdam, filed a letter in which she represents that she failed to appear at the hearing because she mistakenly believed that it had been vacated.  ECF No. 47.  She does not, however, explain how she arrived at that erroneous belief, nor does she provide any explanation for her failure to file, on her clients' behalf, an opposition or statement of non-opposition the pending motion as required by Local Rule 230(c).  Thus, defendants' failure to comply with the local rules remains unexplained.

Accordingly, defendants are ordered to show cause, in writing, within 7 days of this order, why sanctions should not be imposed for their failure to appear at the February 7, 2018 hearing and for failure to timely file an opposition or statement of non-opposition to plaintiffs' motion.

II.    Motion to Enforce Settlement Agreement

A.    Background

The complaint alleges that plaintiff Singh is the owner of Golden State, which operates a commercial truck dealership in West Sacramento.  Compl. (ECF No. 2-1) ¶¶ 1-2.  Defendant Emde is the owner of defendant Bay Trailer.  *Id.* ¶ 4.  In July 2015, Golden State ordered 10 commercial utility trailers from Bay Trailer at a price of $150,000.  *Id.* ¶¶ 9-10.  Plaintiff also agreed to pay an additional $100,000 for engine upgrades, for a total purchase price of $250,000.

*Id.* ¶ 10.  Golden State wired the full amount to defendants' bank account, and Bay Trailer immediately released and mailed to Golden State the legal title for the 10 trailers.  *Id.* ¶ 12.  However, due to a misunderstanding regarding the length of the trailers, the parties subsequently agreed to cancel the transaction, with a refund of purchase amount to be wired to Golden State.  *Id.* ¶ 13.  Emde, however, did not immediately refund the money.  *Id.* ¶ 14.

Thereafter, Bay Trailer sold the 10 trailers to another purchaser and issued plaintiffs a refund of $100,000, the amount paid for engine upgrades.  *Id.* ¶ 18.  Bay Trailer also sent Golden State 4 trailers in an effort to mitigate plaintiffs' damages.  Bay Trailer did not, however, provide an invoice or legal title to the 4 trailers.  *Id.* ¶ 19.  In October 2015, Emde demanded Golden State release the legal title for the 10 trailers that were originally purchased.  Plaintiffs refused because defendants had not refunded the remaining $150,000.  *Id.* ¶ 22.  That same month plaintiffs sold one of the four trailers—a sale that was arranged by Emde—with the remaining three trailers still in plaintiffs' possession.  *Id.* ¶ 21.

The complaint alleges five causes of action arising out of the parties' contractual dispute: (1) fraud, (2) negligent misrepresentation, (3) unjust enrichment, (4) unfair business practice in violation of Cal. Bus. & Prof. Code § 17200, and (5) breach of the implied covenant of good faith and fair dealing.

Court supervised settlement conferences were held before the undersigned on February 23, 2017 and September 5, 2017.  ECF Nos. 14, 26.  At the September 5 conference, the parties reached a settlement agreement, ECF Nos. 26, 34, the terms of which were stated on the record.  The parties were ordered to file dispositional documents by no later than September 19, 2017.  ECF No. 28.  In violation of that order, no dispositional documents were filed by that date and the assigned district judge ordered the parties to show cause why this action should not be dismissed for failure to prosecute or comply with the rules or orders of this court.  ECF No. 32.  In response, plaintiffs explained that defendants had refused to meaningfully participate in the preparation of dispositional documents.  ECF No. 39.  The instant motion to enforce the parties' settlement agreement followed.  ECF No. 42.

/////

3

B.    Legal Standard

Districts courts retain the inherent power to summarily enforce settlement agreements entered into by the parties in cases pending before it. *In re City Equities Anaheim, Ltd.*, 22 F.3d 956, 957 (9th Cir. 1994). This authority applies to oral settlement agreements placed on the record in open court. *See Doi v. Halekulani Corp.*, 276 F.3d 1131, 1136-40 (9th Cir. 2002). The party seeking enforcement bears the burden of demonstrating that the parties entered into an enforceable agreement. *In re Andreyev*, 313 B.R. 302, 305 (B.A.P. 9th Cir. 2004).

"Assessing the validity of a settlement agreement . . . is a question of state contract law." *Golden v. California Emergency Physicians Medical Group*, 782 F.3d 1083, 1087 (9th Cir. 2015); *see also Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1990) ("The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally."). Under California law, a valid contract requires parties capable of contracting, consent, a lawful object, and consideration. Cal. Civ. Code § 1550.

C.    Discussion

As recited on the record by the court and all parties, a settlement of plaintiffs' claims was reached during the court supervised settlement conference held on September 5, 2017. The terms of the parties' agreement were stated on the record and each party and their counsel confirmed their understanding of the agreement. Specifically, plaintiffs agreed to settle their claims against defendants in exchange for $116,000 payable as follows: (1) an initial payment of $76,000 to be paid on or before October 1, 2017, and (2) monthly payment of $1,000 beginning on November 1, 2017, and continuing for an additional 39 consecutive months until February 1, 2021. ECF No. 34 at 4-5. Plaintiffs were obligated to release three trailers in their possession to a shipping company identified by defendants. *Id.* at 5. The parties also agreed that in the event of a default by defendants, plaintiffs would be entitled to judgment in their favor and against defendants in the amount of $150,000, with interest running and accruing from October 1, 2015, to the date of the judgment, less any payments made by the defendants. *Id.* at 6.

After these terms of the agreement were recited on the record, the court specifically asked Mr. Emde if the recited terms were consistent with his understanding of the agreement and he

1  responded "Yes." *Id.* Although the parties were to prepare a formal written settlement agreement

2  containing those terms, the court expressly stated on the record that the parties had reached "a

3  final settlement agreement" based on the parties' oral statements. *Id.*

4        In his declaration, plaintiffs' attorney Sean Gavin explains that on September 19, 2017, he

5  sent defendants' counsel copies of the written settlement agreement, a joint stipulation for

6  dismissal, and a stipulation for entry of judgment (to be filed in the event defendants default on

7  the terms of the settlement agreement). ECF No. 43 ¶ 5. He further states that defendants never

8  signed the documents, nor did they pay any money to plaintiffs. *Id.* ¶ 6. He also states that

9  plaintiffs performed all obligations required of them under the settlement agreement, including

10  releasing the trailers in their possession to the freight company designated by defendants. *Id.* ¶ 7.

11        The foregoing establishes that the parties entered into a binding settlement agreement, and

12  that defendants breached that agreement by failing to make the payments required under the

13  agreement. Pursuant to the terms of the settlement agreement, defendants' breach entitles

14  plaintiffs to judgment in their favor in the amount of $150,000, plus interest accruing from

15  October 1, 2015 through the date of the entry of judgment. *See* ECF No. 34 at 6. California law

16  provides that a rate of 10 percent per annum is to be applied to judgments based on the breach of

17  a contract that does not specify the rate of interest. *See* Cal. Civ. Code § 3289(b) ("If a contract

18  . . . does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10

19  percent per annum after a breach."). The parties did not stipulate to an interest rate in their

20  settlement agreement. Accordingly, plaintiffs are entitled to recover interest at the legal rate of 10

21  percent per annum.

22        At the hearing on their motion, plaintiffs' counsel disclosed that plaintiffs had received a

23  partial payment in the amount of $50,000 from the sale of a trailer to a third-party. That payment

24  was received on January 30, 2018. ECF No. 48. Accordingly, plaintiffs are entitled to 10 percent

25  interest on the principal amount of $150,000, accruing from October 1, 2015 through January 30,

26  2018, which amounts to $35,058.30 in interest. In addition to the remaining $100,000 owed,

27  plaintiffs are entitled to 10 percent interest on that amount accruing from January 31, 2018

28  through the date judgment is entered.

5

1    Lastly, at the February 7 hearing plaintiffs' counsel requested defendants be required to

2    reimburse plaintiffs for the reasonable attorneys' fees they incurred in bringing their motion to

3    enforce the settlement agreement.  Aside from procedural deficiency of the request—the request

4    was initially made at the hearing and was not addressed in their motion—plaintiffs have failed to

5    demonstrate that awarding fees is appropriate.  The settlement agreement reached by the parties,

6    as recited on the record, does not provide for the recovery of attorneys' fees (*see* ECF No. 34),

7    and plaintiffs have not presented any authority to support their request.  Accordingly, the request

8    for fees should be denied without prejudice.  Should plaintiffs believe they are entitled to fees,

9    they should file a properly-supported motion in compliance with the court's local rules.  *See* E.D.

10   Cal. L.R. 230, 293.

11   III.    Conclusion

12          Accordingly, it is hereby ORDERED that defendants shall show cause, in writing, within

13   7 days of this order, why sanctions should not be imposed for failure to appear at the February 7,

14   2018 hearing and for failure to timely file an opposition or statement of non-opposition to

15   plaintiffs' motion to enforce the settlement agreement.

16          Further, it is RECOMMENDED that:

17          1.  Plaintiffs' motion to enforce the settlement agreement (ECF No. 42) be granted;

18          2.  Judgment be entered in plaintiffs' favor and against defendants;

19          3.  Plaintiffs' be awarded damages in the amount of $100,000, plus $35,058.30 in interest

20   for the period of October 1, 2015 through January 30, 2018, and interest at a rate of 10 percent

21   per annum thereafter until the date judgment is entered; and

22          4.  Plaintiffs' request for attorneys' fees be denied without prejudice to filing a properly-

23   supported motion for attorneys' fees.

24          These findings and recommendations are submitted to the United States District Judge

25   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

26   after being served with these findings and recommendations, any party may file written

27   objections with the court and serve a copy on all parties.  Such a document should be captioned

28   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

within the specified time may waive the right to appeal the District Court's order. *Turner v.*

*Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 31, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE