UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN STATE TRUCK SALES, INC; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BAY TRAILER SALES, LLC; et al.,<br><br>Defendants. | No. 2:16-cv-00580-MCE-EFB<br><br>**ORDER** |

Presently before the Court is a Motion to Withdraw as Counsel (ECF No. 54) filed by the law firm of Lewis Brisbois Bisgaard & Smith LLP ("Counsel"), counsel for Defendants Bay Trailer Sales, LLC and Jonathan Emde ("Defendants"), by which Counsel seeks to withdraw leaving Defendants in propria persona.[1] This Motion is governed by the requirements of Eastern District of California Local Rule 182(d), which provides, among other things, that an attorney may not withdraw, leaving the client in propria persona, absent a noticed motion, appropriate affidavits, notice to the client and all other parties who have appeared, and compliance with the Rules of Professional Conduct of the State Bar of California. California Rule of Professional Conduct 3-700(C)(6) permits a member of the State Bar to seek to withdraw from representation

---

[1] Having determined that oral argument would not be of material assistance, the Court ordered this Motion submitted on the briefing in accordance with Local Rule 230(g).

1

when "[t]he member believes in good faith . . . that the tribunal will find the existence of . . . good cause for withdrawal."  However, "[a] member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, . . . and complying with applicable laws and rules."  Cal. R. of Professional Conduct 3-700(A)(2).  Whether to grant leave to withdraw is subject to the sound discretion of the Court and "may be granted subject to such appropriate conditions as the Court deems fit."  E.D. Cal. Local R. 182(d); Canandaigua Wine Co., Inc. v. Edwin Moldauer, No. 1:02-cv-06599 OWW DLB, 2009 WL 89141, at *1 (E.D. Cal. Jan. 14, 2009).

Pursuant to Counsel's Motion, their request is necessitated by the facts that: (1) they have been unable to locate or communicate with Defendants for months, which has rendered it impossible for Counsel to effectively represent them; and (2) Defendants have breached their obligation to pay fees and costs incurred by Counsel.  See Cal. R. of Professional Conduct 3-700(C)(1)(d), (f).  Counsel has attempted to contact Defendants at multiple prior addresses on multiple occasions and finally advised Defendants that this Motion would be filed.  The Court previously denied without prejudice a similar motion filed by Counsel for failure to provide the Court with Defendants' last known address(es) in the affidavit Counsel submitted pursuant to Local Rule 182(d).  In the current Motion, Counsel has addressed the Court's concern and provided three addresses it has been using to attempt to communicate with Defendants.

Because Counsel's request is procedurally correct, substantively supported and unopposed, the Motion to Withdraw (ECF No. 54) is GRANTED and all pending scheduling dates are VACATED.

///
///
///
///

Lewis Brisbois Bisgaard & Smith LLP is relieved as counsel of record for Plaintiff effective upon the filing of proof of service of this signed Memorandum and Order on Defendants at their last known addresses:

> Johnathan Emde
> Bay Trailer Sales
> 1617 Broening Hwy
> Baltimore, MD 21224
>
> Jonathan Emde
> Bay Trailer Sales
> P.O. Box 68309
> Virginia Beach, VA 23471
>
> Jonathan Emde
> 310 S. Calhoun Drive
> Florence, SC 29501

Not later than thirty (30) days following the date Defendants are served with this Order, Defendants shall retain and substitute in new counsel. If Defendants fail to timely comply with this Order, the Court will impose sanctions, up to and including terminating sanctions, upon no further notice to the parties.

IT IS SO ORDERED.

Dated: June 7, 2018

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE